Clement, C. J.
An order of reference was made herein to determine what damages, if any, the defendant sustained by reason-of an injunction order dated April 19, 1893 ; and thereafter a report was made by the referee, which was confirmed at special term. This appeal was taken from the order of reference, and from 'the-order confirming the report of the referee.
The facts of the case, as shown by the record, are somewhat peculiar. The plaintiff and defendant were the owners of frame houses on Dean street, in this city, which adjoined each other, and which were erected by the same party. The defendant, the Westcott Express Company, demolished its house for the purpose of erecting a new building. There was nothing to indicate to the-defendant that there was a partition wall between the hanses, and!0 the same was. only discovered in taking down the building. This-wall, one story in height, consisted of four-inch joists, with lathing and plastering upon each side, and stood with its foundation upon? the premises of defendant, and was used, in common from 1858,,. the time of construction. Both houses were originally one story,, and had peaked roofs ; and the grantor of plaintiff, at some prior date, removed the roof of his house, and carried it up square, one story. In other words, the grantor of plaintiff erected a wall (frame) above the party partition, which new wall stood entirely on his own land. The same change, at some time after 1858, had been made in the house of defendant. The house of plaintiff encroached upon the land of defendant about 10|- inches. The two houses had been for many years painted different colors,' and the-owner of the house of defendant had painted the lOf inches of plaintiff’s house on the supposition that it was a part of his own, so that the apparent line between the two houses, as viewed from the street, was the true one. There was a chimney in the old. party wall, used in common. While the employes of defendant were engaged in taking down its house, the plaintiff obtained an injunction order restraining the defendant from removing any portion of the party wall. Subsequently, the plaintiff obtained an order to show cause why the defendant should not be punished for contempt, for an alleged violation of the injunction order, with a. further injunction restraining the defendant from trespassing upon, or erecting any wall upon or over, the party wall. Upon the return of the order to show cause, at special term, Judge Van Wyck directed that the whole proceeding should stand over to abide the decision of the trial, on condition that plaintiff give an additional bond of $1,000. The case was tried before Judge Clement, who decided that the plaintiff had an easement in the party wall, as long as it stood; that the defendant might build in front and rear of the party wall, and over it; that the new part of the wall should not be a party wall, and could not be used by plaintiff; that the defendant should be' enjoined from interfering. *169 with the party wall, with six cents damages, and without costs; that the defendant should carry up the old chimney above the new wall so that it could be used by plaintiff. After the judgment was entered, Judge Yan Wyck decided the motion, and entered the order of May 6th, vacating the injunction. It is stipulated in the present record that the learned judge, in reserving his decision, intended to follow the decision of the trial judge, and that the order of May 6th, vacating the injunction, was intended to be in accordance with the judgment. On October 3, 1893, an order of reference was made, to ascertain the damages of defendant by reason of the second injunction order.' The referee subsequently reported that the damages were $435, which report was confirmed, and the damages and expenses of reference were fixed at the total sum of $545. The plaintiff appealed from the order of reference, and from the order confirming the report.
It is claimed by the counsel for plaintiff that the order of reference should not have been granted, for the reason that the trial judge did not decide that the plaintiff was not entitled to the injunction. We are of opinion that the order of May 6th, vacating the injunction, was a determination that the plaintiff was not so-entitled, that, as that order was appealed from, it is not before us for review, and that the plaintiff is bound thereby. If there was error in such order, and it did not conform to the judgment, the remedy of the plaintiff was by appeal. The stipulation that the judge, in vacating the injunction, intended to follow the judgment, does not change the legal effect of his order so as to make it in accordance with the judgment, if it is not. We do not intend to intimate that he did not follow the judgment, as that question is not before us, and as we are simply discussing the effect of the stipulation upon the construction of the order. The practice seems to be settled by the court of appeals that an order of reference cannot be granted, to ascertain the damages by reason of an injunction order, until it has been determined by a judgment or order that the party was not entitled thereto. It is further settled that if, on the trial, the relief by injunction is not granted, but other equitable relief is substituted, and the trial judge omits to-pass upon the question whether or not the party is entitled to the-injunction order, the party enjoined has two remedies: He can ask, before the entry of judgment, to have the question passed upon by the trial judge, or, after judgment, he can move upon the decision for an order vacating the injunction. Benedict v. Benedict, 76 N. Y. 600. In this case the counsel for defendants moved on the findings, after judgment, andoobtained an order which was a determination that the plaintiff was not entitled to an' injunction. The order of reference was therefore properly granted. The provision in the order that the referee ascertain the damages, if any, is the usual form, and the judge thereby did not refer the question of law whether the order vacating the injunction was consistent with the judgment.
All the points of the learned counsel for the plaintiff are substantially covered by the decision that the order of reference was *170 properly made, and by the opinion of the referee on the motion to •dismiss. We held that the plaintiff can take this appeal, though the proceeding is against the sureties, for the reason that he is a party to the action, and even though he did not sign the undertaking, would be liable to the sureties for the amount of their loss.
The ,order confirming the report of the referee is not conformity with section 623 of the Code. It directs the sureties to pay the amount, and also orders judgment to be entered against them. The court, on the confirmation of the report, could only fix the amount of damages, which is conclusive, unless reversed on appeal. The remedy of the party, after the confirmation of the report, is by action on the undertaking, and not by a summary judgment. Code d25. The order of confirmation should be modified by striking out the last clause, and inserting in place thereof, “It is further ordered that the amount of the damages for which Pauline Winchell and Margaret Brinkmeier, sureties, are liable, is the sum of five hundred and forty-six dollarsand said order, as modified, is affirmed, without costs of appeal.